UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICKEY CASTILLO,<br><br>        Plaintiff,<br><br>  v.<br><br>ALL JANE/JOHN DOES, Staff/ Supervisors from Pennsylvania Superior Court Clerk of Court Staff, et al.,<br><br>        Defendants. | CIVIL ACTION NO. 3:15-CV-00909<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

This is a *pro se* action for damages, asserting several federal civil rights and state law claims against various defendants pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff Mickey Castillo alleges a violation of his rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. (Doc. 1). For the reasons stated herein, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**I.   BACKGROUND**

On May 12, 2015, Castillo, proceeding *pro se*, filed the instant civil rights action. (Doc. 1). One week later, Castillo filed a motion to proceed *in forma pauperis* (Doc. 2), which the Court granted in an Order dated September 21, 2015. (Doc. 3). In his complaint, Castillo brings claims against: the Court of Common Pleas of Luzerne County law clerk Kelly Schneider and Jane/ John Doe clerk of courts office staff and supervisors; the Superior Court of Pennsylvania Deputy Prothonotary Mary Graybill and Jane/ John Doe clerk of courts office staff and supervisors; and the Supreme Court of Pennsylvania Jane/ John Doe clerk of courts office staff and supervisors. (Doc. 1-1, at 3).

Castillo's complaint stems from the events surrounding a 2011 petition he initiated pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541–9551, in which Castillo challenged the validity of his 2010 guilty plea and sentence in the Court of Common Pleas of Luzerne County. (Doc. 1-1, at 4). Specifically, Castillo alleges that various state court clerks and prothonotaries refused to docket several of his filings, thereby violating Castillo's constitutional right of access to the courts.[1] Castillo filed a *pro se* PCRA petition with the Court of Common Pleas of Luzerne County ("PCRA court") that was docketed on July 14, 2011. (Doc. 1-1, at 4). The PCRA court also docketed a *pro se* supplemental memorandum filed by Castillo on August 20, 2012. (Doc. 1-1, at 4). That same day, Castillo requested and was subsequently appointed PCRA counsel. *See Commonwealth v. Castillo*, No. CP-40-CR-0000848-2009 (Luzerne County C.C.P.).

On September 24, 2012, PCRA counsel filed a "Comprehensive Brief" in support of Castillo's petition and supplemental memorandum, but omitted some of Castillo's earlier arguments that PCRA counsel deemed lacked merit. (Doc. 1-1, at 4). Upon learning that these arguments would be omitted from PCRA counsel's brief, Castillo submitted letters to the PCRA court requesting substitute counsel and explaining his frustration with PCRA counsel's decision to only brief some of the issues Castillo had previously raised. (Doc. 1-1, at 4-5 & n. 4). The PCRA court never docketed these letters, instead sending them back to Castillo and his PCRA

---

[1] In addition to the complaint in this matter (Doc. 1), the Court takes judicial notice of the publicly-available docket of criminal and PCRA proceedings against Castillo in the Court of Common Pleas of Luzerne County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania. *See Commonwealth v. Castillo*, No. CP-40-CR-0000848-2009 (Luzerne County C.C.P.); *Commonwealth v. Castillo*, No. 1970 MDA 2012 (Pa. Super. Ct. 2012); *Commonwealth v. Castillo*, No. 49 MM 2014 (Pa. 2014).

2

counsel along with an explanation from law clerk Kelly Schneider stating that the court does not entertain hybrid representation and therefore will not docket *pro se* filings from a petitioner who is represented by counsel. (Doc. 1-1, at 4-5; Doc. 1-2, at 18). Castillo's PCRA petition was subsequently denied by the PCRA court on October 26, 2012. (Doc. 1-1, at 5).

Castillo filed a timely *pro se* notice of appeal to the Superior Court of Pennsylvania on November 1, 2012. *See Commonwealth v. Castillo*, No. CP-40-CR-0000848-2009 (Luzerne County C.C.P.). The PCRA court appointed new counsel on December 5, 2012, to represent Castillo in his appeal ("PCRA appellate counsel"), and tasked PCRA appellate counsel with drafting a concise statement of the errors complained of on appeal. *See Commonwealth v. Castillo*, No. CP-40-CR-0000848-2009 (Luzerne County C.C.P.). The concise statement of errors was filed by PCRA appellate counsel on December 26, 2012. *See Commonwealth v. Castillo*, No. CP-40-CR-0000848-2009 (Luzerne County C.C.P.). In the meantime, Castillo continued to submit various *pro se* filings to both the PCRA court and the Superior Court. (Doc. 1-1, at 6-7). Although some of Castillo's initial *pro se* filings to the Superior Court were docketed (Doc. 1-1, at 6-7), the Superior Court issued an order on February 11, 2013 directing the prothonotary to forward Castillo's future *pro se* correspondence to PCRA appellate counsel rather than entering the correspondence into the docket. *See Commonwealth v. Castillo*, No. 1970 MDA 2012 (Pa. Super. Ct. 2012). Following this order, Superior Court Deputy Prothonotary Mary Graybill informed Castillo and his PCRA appellate counsel that Castillo's *pro se* filings would be forwarded unfiled to the PCRA appellate counsel. (Doc. 1-2, at 44).

On June 27, 2013, PCRA appellate counsel filed a "no-merit" letter pursuant to *Turner/Finley*,[2] along with an application to withdraw as Castillo's attorney. *See Commonwealth v. Castillo*, No. 1970 MDA 2012 (Pa. Super. Ct. 2012). In the weeks that followed, Castillo submitted several briefs and filings opposing his PCRA appellate counsel's no-merit letter, only some of which he claims were docketed. (Doc. 1-1, at 8-9). One of those filings was an application for relief seeking to have Castillo's PCRA appellate counsel replaced, which the Superior Court denied on October 10, 2013. (Doc. 1-1, at 9). On December 12, 2013, the Superior Court filed an order adopting PCRA appellate counsel's findings, granted his request to withdraw, and denied Castillo's PCRA appeal. *See Commonwealth v. Castillo*, No. 1970 MDA 2012 (Pa. Super. Ct. 2012). Castillo submitted an application for reconsideration en banc on December 28, 2013 (Doc. 1-1, at 10), which was denied as untimely by the Superior Court on February 18, 2014. *See Commonwealth v. Castillo*, No. 1970 MDA 2012 (Pa. Super. Ct. 2012). Castillo next petitioned *pro se* for allowance of appeal nunc pro tunc to the Supreme Court of Pennsylvania. (Doc. 1-1, at 10). In an order dated July 23, 2014, the Supreme Court denied the petition and also denied Castillo's application for leave to file post-submission communications. *See Commonwealth v. Castillo*, No. 49 MM 2014 (Pa. 2014). Castillo continued to submit additional filings after the Supreme Court's order (Doc. 1-1, at 12), but these filings were not accepted or entered into the docket. *See Commonwealth v. Castillo*, No. 49 MM 2014 (Pa. 2014).

---

[2] *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley,* 550 A.2d 213 (Pa. Super. Ct. 1988). Combined, these two cases establish the procedure by which counsel in collateral proceedings may withdraw from a representation after reviewing the record and determining that the petitioner's claims are meritless.

The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915(e)(2) to screen a complaint brought *in forma pauperis* and dismiss it if the complaint fails to state a claim upon which relief can be granted.

## II. SECTION 1915 STANDARD

Under 28 U.S.C. § 1915, the Court is obligated, prior to service of process, to screen a civil complaint brought *in forma pauperis*. The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for

failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### III. DISCUSSION

#### A. FAILURE TO STATE A CLAIM: NO CONSTITUTIONAL RIGHT TO HYBRID REPRESENTATION

All of Castillo's claims center on the assertion that Defendants' failure to docket Castillo's submissions constituted a violation of his constitutional rights.[3] (Doc. 1-1, at 13, 16). However, Castillo had been represented by counsel on each occasion where Castillo alleges that the clerk of courts offices for the Court of Common Pleas and the Superior Court failed to docket his submissions. *See Commonwealth v. Castillo*, No. CP-40-CR-0000848-2009 (Luzerne County C.C.P.); *Commonwealth v. Castillo*, No. 1970 MDA 2012 (Pa. Super. Ct. 2012). The Supreme Court of Pennsylvania has long disfavored hybrid representation, noting that "a defendant has the constitutional right to proceed without counsel if the decision to do so is knowing and voluntary. . . . The same constitutional right does not apply to a defendant . . . who was represented by counsel but also wanted to be his own co-counsel." *Commonwealth v. Pursell*, 724 A.2d 293, 301 (Pa. 1999). In *Commonwealth v. Jette*, the Supreme Court further explained:

---

[3] Castillo also alleges that Defendants' actions were in violation of several Pennsylvania procedural rules. Without addressing these allegations on the merits, the Court notes that the violation of state procedural rules does not raise an independent constitutional claim. *See United States v. Jiles*, 658 F.2d 194, 200 (3d Cir. 1981) ("The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension." (quoting *Slotnick v. Staviskey*, 560 F.2d 31, 34 (1st Cir. 1977))).

> In addition to this Court's jurisprudence, our rules of appellate procedure provide that whenever a defendant is represented by an attorney and the defendant files a *pro se* motion with the court, the filing will not be docketed and will be forwarded to counsel for his consideration. PA. R. APP. P. 3304; 210 PA. CODE § 65.24. This rule allows counsel to exercise his professional judgment in deciding whether the *pro se* claims are worthy of presentment to the court. Hence, the policies that advise against allowing hybrid representation are well established.

23 A.3d 1032, 1041 (2011) (footnote omitted).

Federal courts within the Third Circuit are also in agreement that there is no constitutional right to hybrid representation.[4] *See Fontanez v. Pennsylvania*, 570 F. App'x 115, 116 (3d Cir. 2014) (per curiam) ("[R]ules limiting hybrid representation (in which a litigant proceeds simultaneously by counsel and pro se) are constitutionally acceptable in both the appellate and trial contexts."); *United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) ("Pro se litigants have no right to "hybrid representation" because '[a] defendant does not have a constitutional right to choreograph special appearances by counsel.'" (quoting *McKaskle v. Wiggins,* 465 U.S. 168, 183 (1984))); *Hall v. Dorsey*, 534 F. Supp. 507, 508 (E.D. Pa. 1982) ("The federal right [to appear pro se or by counsel] is disjunctive; a party may either represent himself or appear through an attorney. There is no right to "hybrid" representation-simultaneously pro se and by counsel."). Because Castillo was represented by counsel throughout his proceedings before both the PCRA court and the Superior Court, he had no constitutional right to self-representation before either body. *See Fontanez*, 570 F. App'x at 116; *Turner*, 677 F.3d at 578. Accordingly, the failure of any

---

[4] In fact, the Third Circuit's own local rules instruct clerks not to file *pro se* briefs submitted by represented parties. 3d Cir. L.A.R. 31.3 ("Except in cases in which counsel has filed a motion under L.A.R. 109.2 to withdraw . . . parties represented by counsel may not file a brief pro se. If a party sends a pro se brief to the court, the clerk will forward the brief to the party's attorney of record, with notice to the pro se party. Counsel may choose to include the arguments in his or her brief or may in the unusual case file a motion to file a supplemental brief, if appropriate.").

PCRA court or Superior Court clerk to docket Castillo's submissions cannot serve as the basis for a constitutional violation.[5]

### B. CLAIMS BARRED BY JUDICIAL IMMUNITY

Although Castillo's claims against Court of Common Pleas and Superior Court officials are precluded by the rule against hybrid representation, his claims against the Supreme Court of Pennsylvania Jane/ John Doe clerk of courts office staff and supervisors do not fail for the same reason because Castillo was without counsel for the entirety of his proceedings before the Supreme Court. *See Commonwealth v. Castillo*, No. 49 MM 2014 (Pa. 2014). Accordingly, Castillo's allegation that Supreme Court officials refused to docket his *pro se* submissions raises a plausible access to the courts constitutional claim. *See, e.g., Alexander v. McMonagle*, No. C.A. 99-1298, 1999 WL 1210844, at *1-2 (E.D. Pa. Dec. 9, 1999). However, the doctrine of quasi-judicial immunity provides that court officials are immune from suit where they "act in accordance with their duties or at the direction of a judicial officer . . . ." *Alexander*, 1999 WL 1210844, at *1 (citing *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)). Court officials enjoy quasi-judicial immunity where they act in a manner "'functionally comparable' to that of a judge." *Hamilton v. Leavy*, 322 F.3d 776, 785 (3d Cir. 2003) (quoting *Butz v. Economou*, 438

---

[5] In addition to his First Amendment access to the courts claim, Castillo alleges violations of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments. (Doc. 1-1, at 14). Nonetheless, all of Castillo's constitutional claims are based on the same factual predicate; namely, the failure to enter his *pro se* submissions into the docket. (Doc. 1-1, at 14). As noted with regard to Castillo's access to the courts claim, however, the failure to docket the *pro se* submissions of a represented party does not state a constitutional harm. *See Fontanez*, 570 F. App'x at 116; *Turner*, 677 F.3d at 578. Accordingly, Castillo's claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments should also be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

U.S. 478, 513 (1978)). Moreover, "any public official acting pursuant to court directive is also immune from suit." *Lockhart*, 411 F.2d at 460.

In his complaint, Castillo alleges that he was denied his constitutional right of access to the courts where Jane/ John Doe Supreme Court of Pennsylvania clerk of courts office staff and supervisors refused to docket his submissions dated December 15th and 19th, 2014. (Doc. 1-1, at 11-12). However, these submissions were mailed nearly five months after the Supreme Court, in a per curiam opinion dated July 23, 2014, denied Castillo's petition for leave to file for an allowance of appeal nunc pro tunc and application to file post-submission communication. *See Commonwealth v. Castillo*, No. 49 MM 2014 (Pa. 2014). Under Pennsylvania Rule of Appellate Procedure 2501(a), "[a]fter the . . . case has been submitted, no brief, memorandum or letter relating to the case shall be presented or submitted, either directly or indirectly, to the court or any judge thereof, except upon application or when expressly allowed at bar at the time of the argument." Because the Supreme Court had denied Castillo's application to file post-submission communication, the Jane/ John Doe clerk of courts office staff and supervisors were acting pursuant to court directive when they refused to docket Castillo's later submissions. *See Lockhart*, 411 F.2d at 460 (granting summary judgment to defendant Superior Court prothonotary where, at the direction of the court, prothonotary refused to file plaintiff-appellant's submissions). Accordingly, it is recommended that the claims against Jane/ John Doe Supreme Court of Pennsylvania clerk of courts office staff and supervisors be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because the clerks are entitled to quasi-judicial immunity.

C.  STATE LAW CLAIMS

Castillo also appears to assert state law claims in his complaint. (Doc. 1-1, at 3-4 & n. 1). Where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). Whether a court exercises supplemental jurisdiction is within its own discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). The court's decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "point[s] toward declining to exercise jurisdiction over the remaining state law claims." See *Cohill*, 484 U.S. at 350 n. 7. Therefore, it is recommended that Castillo's state law claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

IV.  LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, it would be futile to allow Castillo to amend his claims against law clerk Kelly Schneider, Deputy Prothonotary Mary Graybill , and all Jane/ John Doe staff and supervisors at the clerk of courts' offices of the Luzerne County Court of Common Pleas and the Superior Court of Pennsylvania because the harm alleged does not rise to the level of a constitutional violation due to the rule against hybrid representation. Likewise, Castillo's claims against Jane/ John Doe Supreme Court of Pennsylvania clerk of courts office staff and supervisors are also

futile because they are entitled to quasi-judicial immunity. Dismissal without leave to amend is therefore recommended.

## V.  RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Plaintiff's complaint (Doc. 1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and(iii) for failure to state a claim on which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief; and

2. The Clerk be directed to **CLOSE** this case.

Dated: October 15, 2015                                              *s/ Karoline Mehalchick*
                                                                     **KAROLINE MEHALCHICK**
                                                                     **United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICKEY CASTILLO,

        Plaintiff,

v.

ALL JANE/JOHN DOES, Staff/ Supervisors from Pennsylvania Superior Court Clerk of Court Staff, et al.,

        Defendants.

CIVIL ACTION NO. 3:15-CV-00909

(CAPUTO, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 15, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: October 15, 2015**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**